IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L. DUNSON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 5:12-cv-134-RS-GRJ

GALIRAK KAYON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights "Complaint for Damages" in connection with inadequate medical care. (Doc. 1.) Plaintiff also seeks leave to proceed as a pauper. (Doc. 4.) For the reasons discussed below, it is respectfully **RECOMMENDED** that the motion for leave to proceed as a pauper be denied and this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

In Plaintiff's complaint he is attempting to relitigate one of his previous cases concerning a purported lack of medical care as evidenced by the fact that Plaintiff attached to his complaint the docket sheet from the previous case, Dunson v. Kagon, No. 5:11-cv-323-RS-GRJ (N.D. Fla. Oct. 3, 2011). In Dunson v. Kagon, the Court dismissed the case for abuse of the judicial process and for failure to state a claim. *Id., Doc. 13.*

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. § 1915(g)'s three strikes rule.  Plaintiff previously filed at least three cases in this Court which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  See Dunson v. McKinney, No. 5:08-cv-291-SPM-AK, Doc. 33 (N.D. Fla. Dec. 17, 2009)(dismissed as frivolous and for failure to state a claim); Dunson v. Warden Reddin, No. 5:09-cv-336-RS-GRJ, Doc. 70 (N.D. Fla. Jan. 5, 2012)(dismissed for abuse of the judicial process); Dunson v. Kagon, No. 5:11-cv-323-RS-GRJ, Doc. 13 (N.D. Fla. Jan. 26, 2012) (dismissed for abuse of the judicial process and failure to state a claim).

Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and there is no suggestion in the allegations in the Complaint that Plaintiff is in "imminent danger of serious physical injury."  Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger.

### RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes.

2.  Plaintiff's motion for leave to proceed as a pauper, Doc. 4, be **DENIED.**

**IN CHAMBERS**, at Gainesville, Florida, this 22nd day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.